## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CONSTATIN POPESCU**,

          Plaintiff,

vs.                               **CIV. NO. 09-1000 MV/RLP**

**WALMART STORES, INC.**,

          Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

THIS MATTER is before the Court on *pro se* Plaintiff Constantin Popescu's Motion to Proceed *In Forma Pauperis*, filed October 20, 2009 [Doc. 3] and on the Court's concomitant obligation "to review the affidavit and screen his case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Id.* at 1312. Regarding the ability-to-pay prong of the analysis, IFP status should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Court first notes that Popescu has not satisfied the IFP requirements because he did not file an "affidavit," which is a "statement of facts confirmed by oath before a judicial officer having authority to administer the oath," 2A C.J.S. *Affidavits* § 1 (2009); *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979), or signed under penalty of perjury, *see* 28 U.S.C. § 1746 (allowing federal requirements of an affidavit to be satisfied by a writing signed by the individual and

"subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"). Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313. The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks omitted). The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own.

Further, Popescu's unsworn financial statement leaves blank questions asking how long it has been since he was employed or whether he is self-employed, and does not indicate any source whatsoever of income, and yet he inconsistently states that he supports his parents, makes a $500/month car payment, rents property, and pays for utilities. *See* Doc. 3 at 2-3. Clearly, if Popescu is making these payments, he is receiving income or has assets from some source that he has not put on his financial statement. The Court concludes that Popescu has not satisfied his obligation to present an affidavit showing that, because of his poverty, he cannot pay filing fees and supply himself with the necessities of life.

Popescu used a standard, typewritten, civil-rights-complaint form that the Court provides to litigants for cases they desire to bring under 42 U.S.C. § 1983, and he filled out the factual allegations of his Complaint in his handwriting. *See* Complaint [Doc. 2] at 1. He checked a box indicating, however, that WalMart was not acting "under color of state law." *Id.* His Complaint is

cryptic and alleges only that, on an unstated date, in an unstated location, he purchased fish at WalMart.  *See id.* at 4.  He asserts that the fish was "poisoned," which "led to [a] 7-day hospital stay."  *Id.*

From his assertion that he is <u>not</u> alleging that WalMart acted under color of state law, and based on the factual allegations in the Complaint, it is clear to the Court that Popescu did not intend to bring a civil-rights claim against WalMart under 42 U.S.C. § 1983, but that he simply erroneously used a § 1983 form-complaint to file his suit for personal injury under state law.   He has alleged no facts showing that "some person has deprived him of a federally protected right;" and "that the person who has deprived him of that right acted under color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In short, Popescu has not asserted a federal claim or question, nor are there facts to show that the parties are diverse, and the United States is not a party.  "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).  "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction."  *Id.* (internal quotation marks omitted).  Because Popescu has failed to allege any facts demonstrating this Court's subject-matter jurisdiction, the Court must dismiss his Complaint.  *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Popescu's motion to proceed IFP must also be denied.

**IT IS THEREFORE ORDERED** that Popescu's Motion to Proceed IFP [Doc. 3] is DENIED and the Complaint is DISMISSED without prejudice.

**DATED** this 29th  day of December, 2009.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**